### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MARLIN E. JONES,** | **CASE NO. 7:09CV5012** |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| **JONATHAN J. BLUM,** | |
| **Defendant.** | |

This matter is before the court on its own motion. On February 17, 2010, the court entered a Memorandum and Order stating its concerns regarding whether subject-matter jurisdiction in this court is proper. (Filing No. 12.) The court permitted Plaintiff the opportunity "to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount." (*Id.* at CM/ECF p. 4.) On February 24, 2010, Plaintiff filed a Response to the court's February 17, 2010, Memorandum and Order. (Filing No. 13.)

In his Response, Plaintiff does not even attempt to support his allegations relating to the amount in controversy requirement. Rather, Plaintiff argues the merits of his Complaint, attacks Defendant's character,[1] accuses the court of bias, and requests the appointment of counsel. (*Id.*) The court gave Plaintiff the opportunity to show that subject-matter jurisdiction in this court is proper. However, Plaintiff elected not to do so.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice because this court lacks subject-matter jurisdiction.

---

[1] For instance, Plaintiff states, "[i]n the present case, Defendant, Blum, is an unmitigated lying bastard." (Filing No. 13 at CM/ECF p. 2.)

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 26th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.