**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **MARLIN E. JONES,** | ) | **CASE NO. 7:09CV5012** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JONATHAN J. BLUM,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion to Set Aside Judgment (Filing No. 16) and Motion for Leave to Appeal In Forma Pauperis (Filing No. 18). On February 26, 2010, the court dismissed Plaintiff's claims without prejudice for lack of subject matter jurisdiction and entered judgment against Plaintiff. (Filing Nos. 14 and 15.)

### I.   *Motion to Set Aside Judgment*

Liberally construed, Plaintiff seeks relief from the court's Judgment pursuant to Fed. R. Civ. Pro. 60(b)(6). (Filing No. 16.) Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

The court has carefully reviewed Plaintiff's Motion to Set Aside Judgment. Liberally construed, Plaintiff re-argues the merits of his claims and requests that the court set aside its Judgment while he attempts to find counsel. (Filing No. 16.) However, even under the most liberal construction, Plaintiff has not set forth any "exceptional circumstances," which prevented him from fully litigating his claims or receiving adequate redress. Accordingly, Plaintiff's Motion to Set Aside Judgment is denied.

II. *Motion for Leave to Appeal In Forma Pauperis*

Also pending is Plaintiff's Motion for Leave to Appeal In Forma Pauperis. (Filing No. 18.) On March 24, 2010, Plaintiff filed a Notice of Appeal of the court's Judgment. (Filing No. 17.) Plaintiff is not a prisoner and has previously been granted leave to proceed IFP in this matter. (Filing No. 7.)

As set forth in Federal Rule of Appellate Procedure 24(a)(3):

> (a) Leave to Proceed in Forma Pauperis ....
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

The court finds that because Plaintiff proceeded IFP in the district court, he may now "proceed on appeal in forma pauperis without further authorization."

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Filing No. 18) is granted. Plaintiff's Motion to Set Aside Judgment (Filing No. 16) is denied; and

2. The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

DATED this 2nd day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.